|   |   |   |
|---|---|---|
|   | **UNITED STATES DISTRICT COURT** |   |
|   | **DISTRICT OF NEVADA** |   |

DANE PATRIC GEE,

       Plaintiff

v.

JOE LOMBARDO, et al.,

       Defendants

Case No.: 2:17-cv-02710-JAD-PAL

**Screening Order**

[ECF Nos. 1-1, 1]

      Plaintiff Dane Patric Gee brings this civil-rights case under 42 U.S.C. § 1983, alleging that Las Vegas Metropolitan Police Department Sheriff Joe Lombardo and corrections officers at the Clark County Detention Center (CCDC) violated his constitutional rights when they placed him in solitary confinement without showers or exercise because they believed at intake that he had a mental disability.[1] Gee is currently in the custody of the Nevada Department of Corrections, and because he applies to proceed *in forma pauperis*,[2] I screen his civil-rights complaint[3] under 28 U.S.C. § 1915A. I find on screening that Gee has stated colorable claims for violations of the Fourteenth Amendment and the Americans with Disabilities Act, so I allow these claims to proceed to the normal litigation track and direct Gee to take the steps needed to serve his complaint on Sheriff Lombardo.

## Discussion

**A.    Screening standard**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[4] In

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 1.

[3] ECF No. 1-1.

[4] *See* 28 U.S.C. § 1915A(a).

1

its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[5] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.[7] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[8] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[9] but a plaintiff must provide more than mere labels and conclusions.[10] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[11] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

---

[5] *See* 28 U.S.C. § 1915A(b)(1)(2).

[6] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[12] *Id*.

**B.     Analysis of Gee's claims**

Gee sues Sheriff Joe Lombardo and seven unidentified detention officers named as "Doe" defendants[13] for events that he claims occurred at CCDC, which is run by the Las Vegas Metropolitan Police Department (LVMPD).  Gee alleges two claims, both within "Count I": a violation of his Eighth Amendment right against cruel and unusual punishment, and a violation of the Americans with Disabilities Act (ADA).  He seeks compensatory and punitive damages as well as injunctive relief.[14]  Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery.[15]  When this occurs—as I find it does here—the plaintiff may conditionally proceed with his claims against the Doe Defendants and take all necessary steps to discover their true identities and then move the court either to substitute their true names or move to amend his complaint to assert claims against the newly identified officers.

Gee alleges the following facts.[16]  He was arrested on June 28, 2016, for a traffic violation and detained at CCDC's pretrial holding facility.[17]  Gee was held in a plexiglass cell for two days and then moved to solitary confinement, where he stayed for 18 days because CCDC staff believed he had a "mental disability."  For the first nine of those days, he was on a 24-hour lockdown and denied the ability to shower, exercise, or clean his cell.[18]

After the third day of lockdown, Gee requested a grievance form from an unnamed corrections officer (Doe #1) so that he could grieve the conditions he was kept in, but that

---

[13] ECF No. 1-1 at 1–3.  Gee lists only Does #1–#4 as defendants.  But the facts he recites identify the conduct of a total of seven CCDC employees.

[14] *Id.* at 4–8, 12.

[15] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[16] This is merely a summary of the Gee's allegations; it is not intended as a finding of any fact.  Additionally, pages 6 and 7 appear to have been filed out of order.

[17] *Id.* at 4.

[18] *Id.* at 8.

request was denied.[19] Each day for the next five days, Gee requested grievance forms from all the officers working in Unit 5-F Pod (Does #2–#6 and Lieutenant Doe #7), but all denied him a grievance form.[20]

As a result of being denied a shower, exercise, or the ability to clean his cell, Gee broke out in weeping sores or hives.[21] On July 8, 2016, Gee spoke to CCDC Social Worker Tara Chancellor about the conditions he was being kept in.[22] Medical staff came to see Gee regarding the hives on July 9, 2016, and then discontinued his high-blood-pressure medication, despite never diagnosing the medication as the cause of his hives.[23] Also on July 9, 2016, officers Ward and Garrett allowed Gee to shower.[24] Ward also told Gee that he did not know why Gee had been denied showers and exercise and that there was nothing in the computer indicating sanctions against Gee.[25] From July 10–18, 2016, Gee was finally allowed one hour of tier time per day to shower and exercise.[26]

### 1. *Fourteenth Amendment due-process violation*

Although Gee pleads his conditions-of-confinement claim as a violation of the Eighth Amendment, a pretrial detainee's right to be free from punishment is grounded in the Fourteenth Amendment's Due Process Clause. So, I liberally construe Gee's claim as a Fourteenth Amendment due process claim. Courts borrow from Eighth Amendment jurisprudence when analyzing these due process rights of pretrial detainees.[27] The U.S. Supreme Court and the Ninth

---

[19] *Id.* at 5.

[20] *Id.*

[21] *Id.* at 5–7.

[22] *Id.* at 7.

[23] *Id.* at 5, 7.

[24] *Id.* at 7.

[25] *Id.*

[26] *Id.* at 6.

[27] *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

4

Circuit have started to apply an objectively reasonable standard to determine whether a pretrial detainee's rights have been violated, those courts have not fully addressed the new standard for conditions of confinement claims involving pretrial detainees.[28] The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[29] Conditions of confinement may, consistent with the Constitution, be restrictive and harsh,[30] but "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."[31]

When determining whether conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.[32] The court should consider the amount of time to which the prisoner was subjected to the condition.[33] "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."[34] The Ninth Circuit has recognized that "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation,"[35] but "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation."[36]

---

[28] *See generally Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) (holding that an objectively reasonable standard applies to a pretrial detainee's excessive force claims); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (holding that an objectively reasonable standard applies to a pretrial detainee's failure to protect claims).

[29] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

[30] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[31] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

[32] *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981).

[33] *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

[34] *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314, *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

[35] *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996).

[36] *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

Gee states colorable Fourteenth Amendment due process claim for deprivation of exercise and sanitation against Doe Defendants ##1–7. He alleges that he was denied the ability to exercise outside of his cell, shower, or clean his cell for nine days. He also alleges that these conditions caused him to suffer hives or weeping sores. He further alleges that these correctional officers denied him a grievance form with which to grieve these conditions of confinement. So this Fourteenth Amendment due process conditions-of-pretrial-confinement claim may proceed against Does ##1–7 once Gee discovers their true identities. But this conditions-of-confinement claim may not proceed against Sheriff Joe Lombardo because Gee has offered no facts that reasonably allow me to infer that Sheriff Lombardo knew about Gee's conditions of confinement, and the law does not recognize § 1983 claims based on nothing more than supervisor status.[37]

### 2. *ADA violation*

The ADA "prohibits public entities from excluding the disabled from participating in or benefitting from a public program, activity, or service 'solely by reason of disability.'"[38] Because the ADA broadly applies to public entities, it "applies to state prisons," and "includes programs or services provided at jails, prisons, and any other 'custodial or correctional institution.'"[39] "[D]aily living activities such as the use of showers, the exchange of laundry, and the receipt of medication constitute 'services, programs, or activities' under the ADA."[40] Detainees with mental illness may also state a claim under the ADA.[41] Although detention-

---

[37] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983").

[38] *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (quoting *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978–79 (9th Cir. 1997)).

[39] *Lee*, 250 F.3d at 691 (quoting *Yeskey v. Pennsylvania Dep't of Corr.*, 118 F.3d 168, 171 (3d Cir.1997), aff'd 524 U.S. 206 (1998)).

[40] *Clark v. California*, 739 F. Supp. 2d 1168, 1180 (N.D. Cal. 2010).

[41] *See Wilson v. Woodford*, No. S-05-0876 LKK GGH P, 2005 WL 2056457, at *1 (E.D. Cal. Aug. 24, 2005).

facility officials or employees "may not be sued in their individual capacities under Title II of the ADA," "they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself."[42]

Gee states colorable ADA violation claim against Sheriff Lombardo in his official capacity.[43] Gee alleges that he was subjected to different and highly restrictive conditions of confinement because the jail determined on intake that he was mentally disabled. Although these allegations are thin, they are sufficient to get this official-capacity claim against Lombardo through the liberal screening stage.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Gee's application to proceed *in forma pauperis* **[ECF No. 1]** without having to prepay the full filing fee **is GRANTED**. Gee is not required to pay an initial installment fee, and he may maintain this action to conclusion without prepaying fees or costs or giving security for them. But even if this action is dismissed or otherwise unsuccessful, Gee will still be responsible for paying the full filing fee. This order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at the government's expense.

To ensure that Gee pays the full filing fee, IT IS FURTHER ORDERED under 28 U.S.C. § 1915, as amended by the PLRA, that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Dane Patric Gee, #30926** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. **The Clerk of Court is directed to SEND** a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

---

[42] *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001).

[43] *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) ("we apply the doctrine of *respondeat superior* to claims brought directly under the [ADA]").

IT IS FURTHER ORDERED that t**he Clerk of the Court is directed to file the complaint** [ECF No. 1] **and send Gee a courtesy copy** of it.

IT IS FURTHER ORDERED that

- The portion of Count I that alleges a violation of the **Fourteenth Amendment will proceed against Does #1-#7 when Gee learns their true identities and moves to substitute them in as named defendants**; and

- The portion of Count I that alleges a violation of **the Americans with Disabilities Act will proceed against Sheriff Joe Lombardo in his official capacity**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ISSUE A SUMMONS for Defendant Sheriff Joe Lombardo and deliver it (along with a copy of the complaint [ECF No. 1] and a copy of this order) to the U.S. Marshal for service on Defendant Lombardo.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SEND Gee one USM-285 form.** Gee will have until December 3, 2018, to furnish to the U.S. Marshal the required USM-285 form filled in with relevant information for serving Sheriff Joe Lombardo of the Las Vegas Metropolitan Police Department.[44] The U.S. Marshal must then attempt to serve Lombardo. Within 20 days of learning from the U.S. Marshal whether Lombardo was served, Gee must file a notice with the court stating whether service was accomplished. If service was not accomplished and Gee wishes to have service again attempted on Lombardo, Gee must file a separate motion with the Court specifying a more detailed name and/or address for Lombardo or whether some other manner of service should be attempted.

Dated: November 2, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[44] Gee should take note that, for the purposes of the USM-285 form, the contact information for Sheriff Joe Lombardo, Las Vegas Metropolitan Police Department, is: 400 S. Martin L. King Boulevard, Las Vegas, Nevada, 89106.