# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANE PATRICK GEE,<br><br>    Plaintiff,<br><br>v.<br><br>JOE LOMBARDO,<br><br>    Defendant. | Case No. 2:17-cv-02710-JAD-BNW<br><br>**ORDER** |

Presently before the court are three motions. First, Plaintiff filed a motion for an extension of time (ECF No. 26) on October 4, 2019. Defendant responded on October 14, 2019 (ECF No. 27). Plaintiff did not file a reply. Second, Plaintiff filed a motion for appointment of counsel (ECF No. 28) on October 21, 2019. Defendant responded on October 22, 2019 (ECF No. 33). Plaintiff did not reply. Third, Defendant filed a motion for an extension of time of the dispositive motion deadline on November 8, 2019 (ECF No. 38). Plaintiff did not respond to this motion. The court will analyze each motion in turn.

**I.    Plaintiff's Motion for an Extension of Time (ECF No. 26)**

Plaintiff moves this court for a one-year continuance of his case. (ECF No. 26.) Plaintiff seeks this continuance for two reasons: (1) Plaintiff will be incarcerated for nearly a year; and (2) Plaintiff has been unable to obtain counsel, which he believes he is entitled to under the Sixth Amendment. (*Id.*) Defendant opposes this motion, arguing that Plaintiff has not shown good cause for the extension. (ECF No. 27.)

When a party seeks to amend a scheduling order, the moving party must satisfy the good cause standard under Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)'s good cause standard focuses on the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) A "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the moving party was not diligent, "the inquiry should end." *Id.*

Here, Plaintiff does not argue that he was diligent in attempting to meet the discovery deadline but nonetheless unable to meet it. (*See* ECF No. 26.) Rather, he argues that discovery should be delayed for a year because he will be incarcerated for a year and because he has been unable to obtain counsel and believes he has a Sixth Amendment right to counsel. (*Id.*) First, the court is unaware of any authority, and Plaintiff has cited none, that being incarcerated is good cause to continue a case for an extended period. Second, as discussed further below, civil litigants do not have a Sixth Amendment right to counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Civil litigants may attempt to retain counsel but a failure to do so is also not good cause for delay. Accordingly, Plaintiff has not demonstrated good cause for a one-year extension, and the court will deny Plaintiff's motion.

**II.     Plaintiff's Motion for Appointment of Counsel (ECF No. 28)**

Plaintiff next moves this court to appoint him counsel. (ECF No. 28.) He argues that counsel should be appointed for three reasons: (1) Plaintiff is incarcerated; (2) Plaintiff is indigent and unable to pay for counsel on his own; and (3) Plaintiff has a Sixth Amendment right to counsel. (*Id.*) Defendant opposes Plaintiff's motion, arguing that Plaintiff has not demonstrated extraordinary circumstances justifying the appointment of counsel. (*See* ECF No. 33.)

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth*, 654 F.2d at 1353. In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th

Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff has some likelihood of success on the merits, as his claims survived screening.

Plaintiff has also demonstrated his ability to articulate his claims pro se. As previously noted, his claims survived screening without an attorney. Additionally, Plaintiff's filings have generally been comprehensible and literate. Further, Plaintiff's claims, related to being held in solitary confinement without the ability to shower or exercise, are not complex. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* Here, the court, in its discretion, finds that Plaintiff does not demonstrate the exceptional circumstances required for the appointment of an attorney and will deny his motion.

**III. Defendant's Motion for an Extension of the Dispositive Motion Deadline (ECF No. 38)**

Defendant moves this court to extend the dispositive motion deadline in this case from November 12, 2019 to November 26, 2019. (ECF No. 38.) Plaintiff did not respond to this

motion. LCR 47-3 provides that the "failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." Accordingly, the court will grant Defendant's motion under LCR 47-3.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension of time (ECF No. 26) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of the dispositive motion deadline (ECF No. 38) is GRANTED.

DATED: March 20, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE