UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dane Patric Gee,<br><br>    Plaintiff<br><br>v.<br><br>Joe Lombardo, et al.,<br><br>    Defendants | Case No.: 2:17-cv-02710-JAD-BNW<br><br>**Order Granting Defendant Lombardo's Motion for Summary Judgment and Ordering Plaintiff to Show Cause Why Remaining Claims Should Not Be Dismissed**<br><br>[ECF No. 40] |

Pro se plaintiff Dane Patric Gee sues Las Vegas Metropolitan Police Department Sheriff Joe Lombardo and several unnamed correctional officers at the Clark County Detention Center (CCDC) under 42 U.S.C § 1983, alleging that they denied him access to a shower, exercise, and cleaning supplies and kept him in solitary confinement, all due to a disability that he does not have.[1] I screened Gee's complaint and determined that he could proceed against Lombardo in his official capacity for a violation of the Americans with Disabilities Act (ADA), and against the unnamed defendants under the Fourteenth Amendment.[2]

Lombardo now moves for summary judgment, arguing that Gee failed to exhaust his administrative remedies before filing this suit. He contends that Gee's failure to respond to Lombardo's requests for admission (RFAs) leaves Gee deemed to have admitted that he did not exhaust those required procedures.[3] Because Gee's admissions establish that he failed to exhaust

---

[1] ECF No. 5 (complaint).

[2] ECF No. 4 (screening order).

[3] ECF No. 40 (motion for summary judgment).

his available administrative remedies, I grant the motion.[4]  And because the termination of Gee's claim against Lombardo leaves only claims against unnamed "Doe" defendants, I also order Gee to show cause in writing by October 30, 2020, why this case should not be dismissed and closed.

**Background**

Gee was arrested and detained at CCDC in June 2016.[5]  Shortly after arrival, he was put in solitary confinement, where he stayed until mid-July.[6]  The parties tell different stories about Gee's time in solitary confinement.  In his complaint, Gee alleges that he was denied access to showers, free time, and cleaning supplies for several days, and put in solitary confinement solely because of a disability that CCDC incorrectly perceived him to have.[7]  But according to Lombardo, Gee was given free time and showers, and he was isolated only because he violated CCDC rules.[8]

While in solitary confinement, Gee submitted formal requests to the jail at least three times.[9]  On July 6, he requested a copy of his charges and booking sheet.[10]  On July 8, he asked for a medical evaluation for a rash he believed was caused by the tuberculosis shot he received when he arrived at CCDC.[11]  And on July 18, he demanded to know why he was being held in

---

[4] Because I grant summary judgment based on the exhaustion issue, I do not address Lombardo's remaining arguments.

[5] ECF No. 40-1 at 5.

[6] ECF No. 40 at 8.

[7] ECF No. 5 at 8.  Gee does not include a statement of facts that are in dispute in his response. This brief discussion of his complaint is merely to provide background and was not supported by evidence from Gee.

[8] ECF No. 40 at 8–9; ECF No. 40-2 at 2–3; ECF No. 40-3 at 2.

[9] ECF No. 40-6 at 2; ECF No. 40-7 at 2.

[10] ECF No. 40-11 at 2.

[11] ECF No. 40-6 at 2.

solitary confinement and whether he would be allowed to return to general population.[12] Gee's request did not indicate that he had been denied access to showers or outside activity. The next day, he was transferred out of solitary confinement.[13]

More than a year later, Gee sued Lombardo and a host of unnamed defendants, claiming that they violated the ADA by placing him in solitary confinement and denying him access to showers and exercise, due to a mental disability that they erroneously believed him to have.[14] I screened Gee's complaint and allowed his ADA claim to proceed against Lombardo in his official capacity.[15] Lombardo sent various discovery requests to Gee, including a set of RFAs.[16] Lombardo's RFAs included 61 requests and a notice in bold typeface stating:

> **IN THE EVENT THAT YOU FAIL TO RESPOND TO THESE REQUESTS, IN WRITING, WITHIN 30 DAYS OF THE DATE THAT THESE REQUESTS WERE MAILED TO YOU, ALL OF THE ALLEGATIONS CONTAINED IN THESE REQUESTS WILL BE DEEMED ADMITTED BY YOU. IT IS IMPORTANT THAT YOU TIMELY RESPOND TO THESE REQUESTS.**[17]

Gee did not respond to Lombardo's RFAs.[18]

Discovery is now closed, and Lombardo moves for summary judgment on Gee's ADA claim, arguing largely that Gee failed to exhaust his administrative remedies before suing in this

---

[12] ECF No. 40-7 at 2.
[13] *Id.*; ECF No 40-1 at 7.
[14] ECF No. 5 at 8.
[15] ECF No. 4 at 7.
[16] ECF No. 40-1.
[17] *Id.* at 3.
[18] ECF No. 40-9 at 2.

court.[19]  Lombardo relies almost exclusively on his RFAs to Gee—deemed admitted because Gee failed to respond to them—to establish this uncontested failure to exhaust.

## Discussion

### I. Summary-judgment standard under the PLRA

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[20]  As the Ninth Circuit instructed in *Albino v. Baca*, summary judgment is the appropriate method to resolve Prison Litigation Reform Act (PLRA)-exhaustion issues because exhaustion "is an affirmative defense [that] the defendant must plead and prove."[21]  This requires the defendant to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy" before the burden shifts to the plaintiff to provide evidence that the remedy was unavailable to him.[22]  But "the ultimate burden of proof remains with the defendant."[23]  A court should grant summary judgment "[i]f undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust . . . ."[24]  But when disputed material facts exist, the court should deny summary judgment and "the district judge rather than a jury should determine the facts."[25]

---

[19] ECF No. 22 at 1.

[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[21] *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Block*, 549 U.S. 199, 204 (2007)) (quotations omitted).

[22] *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 (9th Cir. 1996)).

[23] *Id.*

[24] *Id.* at 1166.

[25] *Id.*

## II. Failure to exhaust under the PLRA

The PLRA requires prisoners to exhaust all available administrative remedies before filing a civil-rights action challenging prison conditions.[26] This requirement includes claims under the ADA.[27] The Supreme Court has interpreted the PLRA as "requir[ing] proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules . . . ."[28] "An inmate need exhaust only such administrative remedies as are 'available,'"[29] which requires that the procedures "are 'capable of use' to obtain 'some relief for the action complained of.'"[30] In *Ross v. Blake*, the Supreme Court provided a non-exhaustive list of "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."[31] That list includes situations "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[32]

Gee alleges that he was put in solitary confinement at CCDC because the jail falsely determined that he was disabled, thereby violating the ADA.[33] Lombardo asserts that Gee failed to complete the grievance process because he did not submit a grievance for this issue.[34] Gee does not dispute in his response that he failed to complete this process. Rather, Gee argues that I

---

[26] 42 U.S.C. § 1997e(a).
[27] *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th Cir. 2007).
[28] *Woodford v. Ngo*, 548 U.S. 81, 91, 93 (2006).
[29] *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).
[30] *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).
[31] *Id.*
[32] *Id.* at 1860.
[33] ECF No. 5 at 8.
[34] ECF No. 40 at 15.

should deny Lombardo's motion because he did not receive Lombardo's statement of facts, or any discovery requests from Lombardo, until July.[35]

### A. Grievance procedures at CCDC were available to Gee.

At CCDC, inmates must first seek an informal resolution by speaking with their housing-unit officer before moving up the chain of command.[36] If the informal process fails to resolve the issue, inmates may file a formal grievance, which is reviewed by a supervisor before the next person in the chain decides how to resolve the grievance.[37] Issues not resolved at this stage are "forwarded through the chain of command" and ultimately resolved by the Deputy Chief.[38]

Gee does not deny that the grievance process was available to him, and Lombardo's evidence suggests that it was. Lombardo provides three different grievance forms that Gee submitted during the time he bases his complaint on, including one requesting information about the status of his confinement.[39] Gee does not refute that he had access to adequate grievance procedures, nor does he contest that he used the process for other issues. I thus find that Lombardo has met his burden to establish that the grievance process was available to Gee at CCDC and that Gee has failed to provide any evidence showing there is a genuine dispute about this availability.[40]

---

[35] ECF No. 43 at 1–2.
[36] ECF No. 40-8 at 2.
[37] *Id.* at 4.
[38] *Id.* at 3.
[39] *See* ECF Nos. 40-6; 40-7; 40-11.
[40] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### B. *Gee's admissions support summary judgment on the exhaustion issue.*

Lombardo relies exclusively on the unanswered admissions he served on Gee to support his argument that Gee failed to exhaust his administrative remedies for his ADA claim. Gee insists that he did not receive any of Lombardo's written discovery and that he "has no power if institutions return mail as [sic] insufficient address . . . even if [he] is physically at said address."[41]

Unfortunately for Gee, merely asserting in opposition to a summary-judgment motion that RFAs were never received is not enough to overcome their evidentiary power. Federal Rule of Civil Procedure 36 permits a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: the facts, the application of law to fact, or opinions about either."[42] If the target of the RFAs fails to respond to them within 30 days after service, each request is deemed admitted and "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[43] "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions," but it prescribes a clear process: a party must move to withdraw or amend his answers in order to receive such relief.[44]

Pro se plaintiffs are generally afforded some leniency and should be given notice of the risks for failing to timely respond to requests for admission.[45] But they still must comply with

---

[41] ECF No. 43 at 3.

[42] Fed. R. Civ. P. 36(a)(1)(A).

[43] Fed. R. Civ. P. 36(a)(4), (b).

[44] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Carney (In re Carney) v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001)).

[45] *Diggs v. Keller*, 181 F.R.D. 468, 468–69 (D. Nev. Jul. 16, 1998).

the court's rules, and "[u]nanswered requests for admission may be relied on as the basis for granting summary judgment."[46] While courts "recognize the potential harshness of this result" for pro se litigants, it "is necessary to insure the orderly disposition of cases" and "is tempered by the availability of the motion to withdraw admissions."[47] In short, a party who fails—for whatever reason—to respond to a set of RFAs and is thus deemed to have admitted foundational facts has a process to obtain relief, but if he fails to take advantage of that process, he's stuck with the admissions.

Gee is precisely so stuck. After he changed his address in May 2019, Lombardo sent the RFAs to Gee's updated address with the appropriate notice.[48] Lombardo maintains that these discovery requests were not returned to sender as undeliverable.[49] While Gee claims that he never received Lombardo's requests, he has not moved to amend or withdraw his defaulted admissions.[50] And it also does not appear, based on the record of address updates in this case, that Gee was detained at the time these RFAs were sent.[51]

Gee has also failed to dispute any of the admissions that support Lombardo's motion, even after receiving them as an attachment to the motion. Instead, Gee argues that, because he never received a separate statement of facts from Lombardo and does not currently have access to a library to pursue his claim, I should deny the motion. This is not what Local Rule 56-1

---

[46] *Conlon*, 474 F.3d at 621 (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).

[47] *In re Carney*, 258 F.3d at 421 (5th Cir. 2001); *Rojas v. By-Bee*, No. CV 13-04113, 2015 WL 1564786, at *4 (C.D. Cal. Apr. 7, 2015).

[48] ECF No. 40-1 at 12 (certificate of service); ECF No. 40-9 at 2–3 (Daniels's declaration).

[49] ECF No 45-1 at 3.

[50] *In re Carney*, 258 F.3d at 421–22 (upholding summary judgment where a pro se party did not respond to RFAs and did not move to withdraw the admissions).

[51] *See* ECF No. 18 (updating address to an apartment complex in Las Vegas).

requires, and Lombardo's articulation of undisputed facts in his motion is sufficient to permit Gee to respond.[52] Gee was informed that, in responding to Lombardo's motion, he had to identify each fact that he claims is genuinely disputed.[53] He failed to do so. So Gee's failure to respond to the requests, combined with his failure to move to withdraw his defaulted admissions or dispute them in any way, makes the subject of those admissions conclusively established in this case and leaves this court with no legitimate reason to disregard them.

Through Gee's Rule 36 admissions, he admits that: (1) he failed to exhaust his administrative remedies at CCDC and (2) his housing grievances were evaluated the day after he submitted them.[54] Thus, Lombardo has met his burden to show that no material disputes of fact exist as to Gee's failure to exhaust his remedies at CCDC. Because Lombardo has shown that Gee had available remedies and failed to exhaust them, to survive Lombardo's motion Gee must provide evidence that these remedies were unavailable to him. But Gee does not respond with evidence or an argument that he was ever denied access to the administrative procedures, so he has not met his burden to show the remedies were unavailable to him. Based on Gee's admissions and the evidence Lombardo presented, I find that there are no disputed issues of material fact about Gee's failure to exhaust his ADA claim under the PLRA. Lombardo is entitled to summary judgment in his favor on his claim.

---

[52] L.R. 56-1; *see* ECF No. 40 at 10.

[53] ECF No. 41 at 2 (citing L.R. 56-1).

[54] ECF No. 40-1 at 9. Lombardo cites other admissions that do not determine Gee's exhaustion under the PLRA so I do not address them. And because these admissions eliminate any issue of fact on exhaustion, I need not and do not reach Lombardo's additional arguments about the consequences of Gee's failure to respond to Lombardo's interrogatory requests.

### III. Gee must show cause why I should not dismiss his remaining claims.

In the initial screening order, I also allowed Gee to proceed with his Fourteenth Amendment claim against Doe defendants once he discovers their true identities.[55] Discovery closed last year[56] and Gee has not sought to amend his complaint to substitute any individuals as named defendants. Thus, Gee must show cause why his case against the unnamed defendants should not be dismissed for failure to take the necessary steps to determine the unnamed defendants' identities and timely substitute them into this case. If Gee fails to show cause to continue with these remaining claims against yet unnamed defendants by October 30, 2020, these claims will be deemed abandoned and this case will be closed without further prior notice.

### Conclusion

**IT IS THEREFORE ORDERED** that Lombardo's motion for summary judgment [**ECF No. 40**] **is GRANTED**. And because this ruling resolves all claims against Defendant Lombardo and I find under FRCP 54(b) that there is no just reason for delay, I direct the Clerk of Court to **ENTER PARTIAL FINAL JUDGMENT** in favor of Lombardo and against Gee on the claim against Lombardo.

**IT IS FURTHER ORDERED** that Gee must **SHOW CAUSE** by October 30, 2020, why his complaint should not be dismissed for failure to identify and substitute in named defendants for the fictitious ones.

_____
U.S. District Judge Jennifer A. Dorsey
September 23, 2020

---

[55] ECF No. 4 at 7.

[56] ECF No. 22 at 1.